FILED
MAY 07 2019
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NOTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re:

    Helen V. Hilton,

            Debtor.

Chapter 13
Case No.: 16-11620 (rel)

-------------------------------------------------x
Helen Hilton,

            Plaintiff,

v.

Adv. Pro. 17-90005 (rel)

US Bank as Trustee for the Structured Asset
Securities Corporation Mortgage Pass-Through
Certificates, Series 2004-19XS,

            Defendant.
-------------------------------------------------x

## STIPULATION AND AGREEMENT OF SETTLEMENT

### I. RECITALS

WHEREAS, On September 9, 2016, the debtor Helen Hilton (hereinafter "Debtor") filed a petition for protection under Chapter 13 of the Bankruptcy Code, and

WHEREAS, the Debtor claim an interest in real property located at 375 8th Street, Troy, NY 12180 (hereinafter "the Real Property"), and

WHEREAS, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2004-19XS (the "Secured Creditor"), is the current holder and/or servicer of a first mortgage lien against the Real Property, and

1

WHEREAS, the Secured Creditor having filed a transfer of claim as Document No. 143 on the claims register of the underlying bankruptcy case and is the claimant in relation to claim no. 4-1 in the underlying bankruptcy case in the amount of $107,718.66 (the "Claim"), and

WHEREAS, on March 30, 2017, the Debtor having filed this adversary case (the "Adversary Case") to value the Secured Creditor's secured lien against the Real Property, and an evidentiary hearing having been held in relation to the value of the Real Property on 375 8th St., Troy, New York.

WHEREAS, subsequent to the evidentiary hearing, the parties having consulted and desire to settle their dispute as embodied in the totality of the Adversary Case including any and all oppositions, proffers of fact and law, and motion practice, and

WHEREAS, the contents of the instant stipulation being the totality of the agreement of the parties that settles their dispute, and their agreement being evidenced by signatures of respective counsel herein, the parties hereby stipulate and agree to the below terms and conditions of settlement.

## II. AGREEMENT

1. The fair market value of the Real Property shall be fixed at Forty Five Thousand Dollars ($45,000.00). The Secured Creditor's Claim is reduced to a secured portion of $45,000.00 and an unsecured portion of $62,718.66.

2. The Secured Creditor, it successors or assigns will shall maintain a first mortgage lien against the Real Property in the amount of $45,000.00, designated the 'Secured Portion' of the Claim. This Secured Portion of the Secured Creditors', its successors or assigns' Claim shall be paid interest at a rate of five percent (5.00%) per annum, and payments shall be paid based upon a sixty month (60 month) amortization schedule, to be paid inside the plan by the Trustee. Monthly payment on the Secured Portion of the claim shall be $849.21 commencing the first month following confirmation. The remainder of the Secured Creditor's Claim excluding the Secured Portion shall be designated as a general unsecured claim to be paid at the same rate as other general unsecured claims in the Debtor's instant bankruptcy

2

case.

4. In addition, Secured Creditor has paid post-petition escrow advances in the amount of $8,020.50. Said amount is hereby deemed to be an additional Secured Claim to be paid by the Trustee to Secured Creditor with the Trustee's first disbursement following confirmation.

5. Upon entry of the instant stipulation, the Secured Creditor shall suspend all escrow payments in relation to the Real Property including any outstanding tax and insurance payments and payment of escrow obligations shall be the responsibility of the Debtor. Secured Creditor shall provide to the Debtor's attorney an updated accounting showing the last payments made by Secured Creditor on tax and insurance payments.

6. The Secured Creditor shall retain its rights under the underlying note and mortgage to advance escrow payments including taxes and insurance to the extent that the Debtor falls delinquent in relation to escrow payments. Said advances shall constitute a lien against the Real Property and the Secured Creditor is authorized but not mandated to amend its claim in the bankruptcy case irrespective of any contrary language in any chapter 13 plan or confirmation order provisions seeking payment of such escrow claims, and any such additional claim, such as that for advanced escrow payments, will be paid by the Trustee at 0% interest. Debtor reserves all rights of review and objection to any additional/amended claims filed with regard to this Real Property. No provision in this paragraph shall be construed to restrict the rights of the Secured Creditor to seek relief from the automatic stay for cause including the delinquent escrow payments or the right of Debtor to object to such request for relief.

7. Upon successful completion of the Debtor's Chapter 13 Plan and payment of the Secured Claim in full, the Secured Creditor and its successors and/or assigns shall within 30 days execute and deliver to the Trustee an original Discharge of Mortgage for recording with the Rensselaer County Clerk. In the event Creditor, its successors and/or assigns, does not execute and provide for recording said Satisfaction, termination statement, or any other document that is or may be required by law to release

3

and discharge the mortgage. Debtor shall be permitted to file a motion seeking court determination that Secured Creditor's claim has been paid in full pursuant to this Order and, thereafter, Debtor shall be permitted to use a certified copy of this Order along with the Order deeming the Claim paid in full as evidence of termination and release of the Mortgage and upon presentation, the Rensselaer County Clerk may accept and file same as a Satisfaction of Mortgage and so designate such Satisfaction on the records of the Rensselaer County Clerk.

8. The terms of the instant Stipulation and Agreement shall be deemed void and unenforceable upon the dismissal of the instant Chapter 13 Bankruptcy case unless the case is otherwise subsequently reopened, conversion of the instant Chapter 13 Bankruptcy Case to another Chapter, other than Chapter 11, or if the Secured Creditor obtains relief from the automatic stay. In the case of a dismissal of the instant Chapter 13 Case, conversion of the Instant Chapter 13 Case to a Chapter other than Chapter 11, or the Secured Creditor securing relief from the automatic stay, the Secured Creditor's lien shall be deemed to attach to the Real Property as if the instant Stipulation and Agreement were not in place.

9. All other terms of the underlying note and mortgage are in force unaltered unless expressly modified in the preceding paragraphs, and all remedies provided by the underlying note and mortgage are preserved by both parties.

10. The Secured Creditor hereby withdraws the objection to confirmation under the main case #16-11620 as docket number 40.

11. Each party shall bear their own attorney's fees and costs incurred with respect to this Stipulation and Agreement and the underlying proceedings.

12. This Stipulation shall be governed by the laws of the State of New York and the United States Bankruptcy Code, and any question arising hereunder shall be construed according to such law.

13. The Parties agree to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such form as shall from time to time be

4

reasonably be required to carry out the terms and provisions of this Stipulation, including, but not limited to, the execution, filing or recording of ay reporting documents, affidavits, deeds or agreements. The parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other party to secure the intended benefits of this Stipulation.

14. This Stipulation and Agreement may be executed by the parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all or which, collectively, shall be deemed to be one and the same instrument.

15. This Stipulation and Agreement contains the entire agreement between and among the parties hereto, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between or among them relating to the subject matter of this Stipulation and Agreement. This Stipulation and Agreement may not be amended orally, nor shall any purported oral amendment, even if accompanied by partial or complete performance.

16. This Stipulation and Agreement shall be deemed to be effective on the date that it is signed by all parties and approved by the United States Bankruptcy Court for the Northern District of New York.

17. The parties agree that the Adversary Proceeding 17-90005 is settled and shall be terminated.


Dated: March ___, 2019

Debtor Helen Hilton
By: Fairbanks Fletcher Law PLLC

Nationstar Mortgage, LLC dba Mr. Cooper as servicer for U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2004-19XS

By: Gross Polowy, LLC

5

_____
Elizabeth Fairbanks-Fletcher, Esq.
3257 Route 9, Suite 5
Saratoga Springs, NY 12866
(518) 581-8600

_____
Nicole M. Black, Esq.,
Gross Polowy, LLC
900 Merchants Concourse, Suite 412
Westbury, NY 11590
(716) 204-1756

_____
Bonnie Baker for Andrea E. Celli
Standing Chapter 13 Trustee

SO ORDERED.

_____  5/7/19
ROBERT E. LITTLEFIELD, JR.
UNITED STATES BANKRUPTCY JUDGE